CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
February 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **WOODGRAIN, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25CV00069 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BKD ENTERPRISE, LLC and** | ) | JUDGE JAMES P. JONES |
| **WILLIAM B. BREWER,** | ) | |
| | ) | |
| Defendants. | ) | |

*Cameron S. Bell, PENN STUART & ESKRIDGE, Abingdon, Virginia, for Plaintiff.*

In this breach of contract case, the plaintiff, Woodgrain, Inc., has filed a Motion for Default Judgment against the defendants, BKD Enterprise, LLC and William B. Brewer. For the reasons discussed below, the Court will grant the Motion.

I.

As alleged in the Complaint, Dkt. No. 1, plaintiff Woodgrain, Inc. (Woodgrain) operates a sawmill in Independence, Virginia. On February 25, 2025, Woodgrain contracted with BKD Enterprise, LLC (BKD) for BKD to conduct electrical work for a lump sum of $390,790.18. Per the contract, Woodgrain paid a 50% deposit of $195,395.09 that same day to initiate the project. Between April and

July 2025, Brewer, an agent of BKD, responded sporadically to Woodgrain's communications regarding the project before ceasing communication altogether.

On November 17, 2025, Woodgrain filed suit alleging breach of contract, actual and constructive fraud, conversion and civil theft, and unjust enrichment. Dkt. No. 1. Neither defendant has made an appearance nor filed a responsive pleading, and their time to do so has expired under Federal Rule of Civil Procedure 12(a).[1] Woodgrain subsequently filed a Motion for Default Judgment, Dkt. No. 8. On January 23, 2026, the Clerk entered a default as to the defendants. Dkt. No. 9.

II.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Absent a sum certain claim, the party seeking entry of a default judgment must apply to the court for such. Fed. R. Civ. P. 55(b)(2). Prior to entering a default judgment, a court must ensure that it possesses personal and subject-matter jurisdiction, the action is brought in the proper venue, and the defaulting party received proper service of process. *Gomez v. Midlo Floors LLC*, No. 3:22CV746, 2024 WL 556650, at *3 (E.D. Va. Feb. 12, 2024).

---

[1] Unless provided otherwise by federal statute, a defendant has 21 days from service of process to file an answer. Fed. R. Civ. P. 12(a).

2

A court has personal jurisdiction over a defendant who has sufficient minimum contacts with the forum state.[2] *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To establish minimum contacts, the plaintiff must show that the defendant "purposefully directed his activities at residents of the forum," and the plaintiff's cause of action "results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). As alleged, the defendants contracted with Woodgrain, whose principal place of business is in Virginia. And defendant Brewer visited the sawmill Woodgrain operates in Virginia to carry out contractual obligations. Because these contacts form the basis of Woodgrain's claims, I find that this Court has personal jurisdiction over the defendants. I also find that these contacts establish proper venue.[3]

A federal district court has subject matter jurisdiction over civil actions wherein the matter in controversy exceeds $75,000, exclusive of interests and costs,

---

[2] Personal jurisdiction also requires that the long-arm statute of the state in which the court sits authorizes jurisdiction. "Because Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry," which asks whether minimum contacts with the forum state exist. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (citation omitted).

[3] Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

and the parties are citizens of different states. 28 U.S.C. § 1332(a). A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. § 1332(c). In the present case, Woodgrain is a corporation whose principal place of business is in Idaho, and BKD is a limited liability company with its principal place of business in Mississippi, where defendant Brewer is also a citizen. Because the amount in controversy exceeds $75,000, this court has diversity jurisdiction.

Lastly, the plaintiff has demonstrated proper service of process on both defendants. Dkt. Nos. 6, 7.

## III.

For the foregoing reasons, the Motion for Default Judgment, Dkt. No. 8, will be GRANTED.

DATED: February 9, 2026

/s/  JAMES P. JONES
Senior United States District Judge